UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAY AREVALO

VERSUS

GREYSTONE HOLDINGS, LLC

CIVIL ACTION

NUMBER 14-291-JWD-SCR

## RULING MOTION TO COMPEL

Before the court is the Motion to Compel Compliance with Subpoenas filed by plaintiff Ray Arevalo. Record document number 13. No opposition has been filed.

Plaintiff filed this motion to compel Baton Rouge Investments, LLC of NY and Millennium Properties of Baton Rouge, LLC to produce documents responsive to subpoenas purportedly served on or around February 2, 2015 via certified mail to their registered agent, Ronald Menville.[1] The subpoenas sought documents relevant to the sale of Greystone Country Club by Baton Rouge Investments and Millennium Properties. After no documents were received by the due date set forth in the subpoena, March 2, 2015, the defendants filed this motion to compel on March 23, 2015.

Under Rule 45(b)(1), Fed.R.Civ.P. "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person[]." The Fifth Circuit has held that proper service of a subpoena requires personal delivery. *In re Dennis*, 330 F.3d 696, 704 (5th Cir.

---

[1] Record document numbers 9 and 10.

2003).

The record fails to establish that Menville, as the agent of Baton Rouge Investments, LLC of NY and Millennium Properties of Baton Rouge, LLC, was ever personally served with the subpoenas. The subpoenas were sent via certified mail; restricted delivery, which requires delivery only to the named addressee or the addressee's agent, was not requested. Even if mail can be a form of delivery under Rule 45, plaintiff has not shown these subpoenas were delivered to Menville. The return receipts show that someone other than Menville accepted delivery.[2] Plaintiff also provided an email from Menville which asserted that he did not receive any subpoenas.[3] Plaintiff did not provide any additional evidence to show he complied with the personal delivery requirement under Rule 45. Thus, the record and the plaintiff's motion supports finding that the subpoenas were not served in the manner required by Rule 45. While the March 10, 2015 letter from counsel for the plaintiff informed Menville that subpoenas were issued, plaintiff has not shown that the registered agent's actual notice that a subpoena was issued relieves the plaintiff of the requirement of service of the

---

[2] Record document numbers 9 and 10. The name appears to be Justin Mullins. Plaintiff initially served the subpoenas via certified mail to the registered agent's address listed with the Secretary of State, but the subpoenas were returned as undeliverable. Plaintiff subsequently sent the subpoenas via certified mail to a different address, not listed with the Secretary of State.

[3] Record document number 13-10, Exhibit I.

subpoena by personal delivery to the agent.[4]

Accordingly, the Motion to Compel Compliance with Subpoenas filed by plaintiff Ray Arevalo is denied.

Baton Rouge, Louisiana, April 29, 2015.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] The two cases relied upon by the plaintiff do not persuasively support finding that the subpoenas were properly served on Menville. In *Ott v. City of Milwaukee*, 682 F.3d 552 (7th Cir. 2012), the appellate court held that an order denying a motion to quash subpoenas was not immediately appealable. In dicta, the court stated that service by mail is a "sensible option for serving a subpoena." Notably, the *Ott* court recognized that many courts have interpreted the rule to require nothing short of personal service, citing the Fifth Circuit case *In re Dennis*. Absent the plaintiff showing that *In re Dennis* is no longer good law in the Fifth Circuit, this court is not free to ignore it.

Plaintiff's reliance on *Stepp v. Rexnord Industries, Inc.*, 2014 WL 3866135 (S.D.Ind. 2014), fares no better than his reliance on *Ott*; *Stepp* first relied on the *Ott* court's mail-as-a-"sensible option"-for-service dicta, then went on to address other forms of delivery.