UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAY AREVALO

VERSUS

GREYSTONE HOLDINGS, L.L.C

CIVIL ACTION

NO. 14-291-JJB-SCR

### RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION FOR ADDITIONAL DISCOVERY UNDER 56(D)

This matter is before the Court on two motions. First is a Motion (Doc. 11) for Summary Judgment brought by Defendant, Greystone Holdings, L.L.C. ("Greystone Holdings"). Plaintiff, Ray Arevalo ("Arevalo"), filed an opposition (Doc. 14). Second is a Motion (Doc. 15) to Allow Additional Discovery under Rule 56(d) brought by the plaintiff. The defendant filed an opposition (Doc. 17) and the plaintiff filed a reply brief (Doc. 19). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

### I.     Background

Arevalo is a member of Baton Rouge Investments, L.L.C. ("Baton Rouge Investments"), which owned and operated Greystone Golf & Country Club ("Greystone Country Club"). *Pl.'s Am. Compl.* ¶ 5–6, Doc. 3. Baton Rouge Investments sold Greystone Country Club to Greystone Holdings on June 27, 2013. *See id.* at 1. According to Arevalo, Greystone Holdings "purchased the *entirety of assets* and developer rights pertaining to operations in the development of the Greystone Country Club from Baton Rouge Investments and related companies through two Acts of Cash Sale for a total price of $3,640,000." *Pl.'s Opp'n Mem.* 2, Doc. 14 (emphasis added); *see Pl.'s Am. Compl.*, ¶ 8–11, Doc. 3. Arevalo did not receive any money from the sale. *Pl.'s Opp'n Mem.* 2, Doc. 14.

Arevalo alleges that Greystone Holdings is a "mere continuation of Baton Rouge Investments and related entities" and that the Acts of Cash Sale "constituted a de facto merger" of Greystone Holdings and Baton Rouge Investments and its related entities. *Pl.'s Am. Compl.* ¶ 21–22, Doc. 3. Therefore, Arevalo brought suit against Greystone Holdings demanding an accounting and payout from the sale of Greystone Country Club under a theory of successor liability. *Id.* at 1.

Greystone Holdings filed this Motion for Summary Judgment early in the discovery period. Both motions at issue in this ruling were filed in March and April of 2015, well before the July 1, 2015, discovery deadline. Additionally, Arevalo filed a Motion to Extend Discovery Deadlines (Doc. 12) and a Motion to Compel Compliance with Subpoenas (Doc. 13) in March of 2015. Both motions were denied in April of 2015 (Docs. 20 & 18). Since the two motions at issue have been pending, the case has been reassigned twice and discovery has since been completed.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials

cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III.     Discussion

In Greystone Holdings's Motion for Summary Judgment, it contends that "[t]he only connection [Greystone Holdings] has to Baton Rouge Investments is that it acquired *certain* assets of Baton Rouge Investments. Therefore, [Greystone Holdings] does not owe an accounting or anything else to [Arevalo]." *Def.'s Supp. Mem.* 1, Doc. 11-1 (emphasis added). Greystone Holdings further asserts that Arevalo "never owned a percentage of, was never a member of, nor shareholder of [Greystone Holdings]." *Id.* at 2. Finally, Greystone Holdings sets forth a list of six alleged undisputed facts supported by an affidavit of Derk Lockhart, a managing member of Greystone Holdings. *Id.* 2–3; *see Lockart Aff.*, Doc. 11-2.

Arevalo responds by re-asserting the allegations presented in his Amended Complaint, mainly that Greystone Holdings is a mere continuation[1] of Baton Rouge Investments. *Pl.'s Opp'n Mem.* 4–6, Doc. 14. Arevalo sets forth the relevant factors in determining whether a

---

[1] Generally, "when a corporation sells *all of its assets* to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) *the purchaser is merely a continuation of the selling corporation*; or (3) the transaction is entered into to escape liability." *Pichon v. Asbestos Defs.*, 52 So.3d 240, 243 (La. 4 Cir. Ct. 2010) (quoting *Golden State Bottling Co. v. Nat'l Labor Relations Bd.*, 414 U.S. 168, 182 n.5 (1973) (emphasis added)).

3

successor corporation is a "mere continuation" of the predecessor[2] and asserts, according to these factors, that: (1) Greystone Holdings purchased the entirety of the assets of Baton Rouge Investments and related entities; (2) Greystone Holdings employed the same employees and supervisory personnel as Baton Rouge Investments and related entities; (3) Greystone Holdings utilizes and conducts business out of the same facility as Baton Rouge Investments and related entities; and (4) Greystone Holdings has continued the general business operation of Baton Rouge Investments and its related entities. *Id.* at 5.  Arevalo's contentions are supported by his verified Amended Complaint, which is the equivalent summary judgment evidence as an affidavit. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

In this case, the defendant Greystone Holdings merely asserts that it only acquired certain assets of Baton Rouge Investments, begging the question: What assets *were* acquired?  Additionally, Greystone Holdings does not adequately address the allegations in Arevalo's complaint—that Greystone Holdings is a mere continuation of Baton Rouge Investments. Meanwhile, Arevalo asserts that Greystone Holdings acquired all assets of Baton Rouge Investments, and that several other factors demonstrate that Greystone Holdings is a mere continuation of Baton Rouge Investments.  Each party rests its entire argument for summary judgment upon a single affidavit—Greystone Holdings relies on the affidavit of a managing member and Arevalo relies on his own affidavit in the form of his verified complaint.  Neither party attached any original documentation to support their contentions.  Granting summary

---

[2] There are eight factors that are generally considered in this inquiry: (1) retention of the same employees; (2) retention of the same supervisory personnel; (3) retention of the same production facility in the same physical location; (4) production of the same product; (5) retention of the same name; (6) continuity of assets; (7) continuity of general business and operations; and (8) whether the successor holds itself out as the continuation of previous enterprise. *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1176 n.2 (5th Cir. 1992).

judgment, based on the scintilla of evidence presented, would require the Court to impermissibly weigh the credibility of the two affiants. Without more, the Court is left with two conflicting accounts of the predecessor-successor relationship and, therefore, finds that a genuine issue of material fact exists concerning what assets Greystone Holdings acquired and whether Greystone Holdings is a mere continuation of Baton Rouge Investments.

### IV.  Conclusion

For the reasons stated herein, the Defendant's Motion (Doc. 11) for Summary Judgment is **DENIED** without prejudice to file a second motion now that discovery is complete. Any additional motion should contain sufficient factual allegations, supported by attachment of all relevant documents, by which this Court can determine whether a genuine dispute exists. Conclusory allegations are insufficient.[3]  Additionally, since discovery is complete in this matter, the Plaintiff's Motion (Doc. 15) to Allow Additional Discovery under Rule 56(d) is **MOOT**.

Signed in Baton Rouge, Louisiana, on October 28, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[3] What was provided to the Court, in defendant's Motion for Summary Judgment, is wholly insufficient to establish that Greystone Holdings is entitled to judgment as a matter of law. This Court's local rules state that "[a]ll contested motions must be accompanied by separate memoranda which *must contain a concise statement of reasons supporting the motion and citations of authorities.*" LR 7(d) (emphasis added). Additionally, the Federal Rule of Civil Procedure 56(a) requires a party moving for summary judgment to "*identify[] each claim or defense*—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is not genuine dispute as to any material fact *and* the movant is *entitled to judgment as a matter of law*." (emphasis added). A list of facts, alleged to be undisputed, without any support regarding the legal arguments raised in the plaintiff's complaint does not satisfy the requirements set forth by the federal and local rules.